UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| KENTRAIL LOLLIS, | ) |
|     *Plaintiff*, | ) |
| v. | ) No. 1:11-cv-245 |
| | ) *Chief Judge Curtis L. Collier* |
| JUDGE SELLS, ASSISTANT DISTRICT ATTORNEY RODNEY STRONG, and ATTORNEY STEWART BROWN, | ) |
|     *Defendants*. | ) |

## **MEMORANDUM**

Plaintiff Kentrail Lollis ("Plaintiff") filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining about the handling of his case in the General Sessions Court of Hamilton County (Court File No. 1). Plaintiff requests that the Court investigation this matter and release him from custody. In addition, he states he would like to bring charges against the parties he claims mistreated him.

Considering the facts alleged in the complaint and the applicable law, for the reasons explained herein, the complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim upon which relief may be granted (Court File No. 1).

**I.**     **Application to Proceed *In Forma Pauperis***

Plaintiff was incarcerated when he filed this lawsuit but has since been released. The *in forma pauperis* motion is based on his prison trust account information (Court File No. 5). For the sake of saving judicial resources and because the complaint will be dismissed, the Court will not require Plaintiff to submit a non-prisoner *in forma pauperis* application. Instead, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED** (Court File No. 5).

## II.   Standard of Review

### A.   *Pro Se Pleadings*

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" will not do. *Id*. at 555. Nevertheless, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Pro se* status, however, does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B.   *Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A*

This Court has an ongoing responsibility under the Prison Litigation Reform Act, 28 U.S.C.

§ § 1915 (e)(2) and 1915(A), to review plaintiff's action and dismiss the action or any portion of the action which fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Title 28 U.S.C. §§ 1915(e)(2) and 1915A require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608.

### III.     Facts

Plaintiff's complaint is difficult to decipher as his claims are contradictory. For example, he claims he was not permitted to be represented by counsel but then he claims his attorney deserted him. Nevertheless, construing Plaintiff's complaint in the light most favorable to him and taking into consideration his lack of legal training, the Court has determined, as best it can, he alleges the facts below.

On May 15, 2011, Hamilton County, Tennessee General Sessions Judge Sells issued a warrant for Plaintiff's arrest while he was in court and held him without bond. Plaintiff's case was passed six times and he was not permitted to be represented by counsel. Plaintiff claims Judge Sells bound his case over to the grand jury, but he later found he was sentenced to three years and one year for criminal trespassing, which he claims only carries 30 days.

During his hearing, Judge Sells said "that it was [his] fault [his] kids are receiving [sic] post custody" which he claims reveals she had previously had private conversations with Juvenile Court Judge Harris and the Judges were teaming up to have him put away for a long time.

3

Prosecutor Rodney Strong untruthfully told him the sentences on the crimes to which he was pleading guilty would run concurrently. Attorney Stewart Brown was appointed to represent him. The attorney told him his cases were baseless and for $1500.00 he could get him out of jail on that day. Plaintiff did not have the money so the attorney walked away and a new attorney was appointed.

## IV.    42 U.S.C. § 1983 Claim

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied,* 502 U.S. 1032 (1992). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while acting under color of law. *See Brock,* 94 F.3d at 244.

### A.    *Court Appointed Attorney Does Not Act Under Color of Law*

Plaintiff complains about Attorney Stewart Brown's representation of him in his criminal case in the General Sessions Court and Criminal Court in Chattanooga, Tennessee. A court-appointed attorney, like any retained counsel, serves his client. Apparently Plaintiff is of the

4

impression that a court-appointed attorney representing a client in the defense of a criminal charge in state court is acting under color of state law, within the meaning of 42 U.S.C. § 1983. Plaintiff cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a Bivens-type action); *United States ex rel. Simmons v. Ziblich*, 542 F.2d 259 (5th Cir. 1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.); *also see Harkins v. Eldredge*, 505 F.2d 802 (8th Cir. 1974); *Page v. Sharpe*, 487 F.2d 567 (1st Cir. 1973); *Stewart v. Meeker*, 459 F.2d 669 (3d Cir. 1972); *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972); *French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970); *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968).

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Although Attorney Stewart is not a public defender, but rather is a court-appointed private attorney, the rule is likewise applicable to court-appointed private attorneys. Thus, Attorney Stewart is not suable in a § 1983 action because a private attorney, despite the fact he has been appointed by the court, does not act under color of state law for purposes of § 1983. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (court-appointed attorney representing criminal defendant does not act under color of state law). As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in

5

opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding," *West v. Atkins*, 487 U.S. at 50, a criminal lawyer does not act under color of state law for purposes of § 1983 because, regardless of the fact he is appointed by the State, he is the State's adversary and not acting on the State's behalf. Thus, Attorney Stewart was not transformed into a state official acting under color of state law for purposes of § 1983 because, even though he was appointed by a state court pursuant to state law, he did not act on the state government's behalf; he was the state government's adversary.

In summary, the Court concludes Plaintiff has failed to set forth any claims or facts entitling him to relief under 42 U.S.C. § 1983 on this claim. Attorney Stewart did not act under color of state law, and, therefore, Plaintiff has failed to state a claim under 42 U.S.C. §1983.

Accordingly, since the professional acts performed by Plaintiff's counsel cannot be considered acts done under color of state authority, his claims against counsel lacks an arguable basis in law and will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e).

### *B. Capacity*

Plaintiff has failed to identify in what capacity he has sued Judge Sells or Assistant District Attorney Rodney Strong ("ADA Strong"). The complaint does not indicate whether defendants are being sued in their official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th

Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the

governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. *See Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001). In *Moore v. City of Harriman*, the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

7

The complaint before this Court is not analogous to the complaint in *Moore*. In the case at bar, Plaintiff failed to specify in his complaint the capacity in which he is suing the defendants. The defendants are identified in the style of the case and in the body of the complaint with their official titles (Court File No. 1). The relief Plaintiff seeks is an investigation, release from incarceration, and to bring charges against the defendants. Thus, absent any clear indication in the complaint that the defendants are being sued in their individual capacities, the Court must assume they are being sued in their official capacities. *Id.* at 772.

*1.     General Sessions Court Judge Sells*

Under Tennessee law, Judge Sells, in her capacity as a General Sessions Court Judge, is a county employee, not employee of the State of Tennessee. *Tucker v. Tennessee*, 2005 WL 1922561 (W.D. Tenn. Aug. 2, 2005) (analysis finding a county and not the state is responsible for general sessions courts). Therefore, Plaintiff's suit against Judge Sells is against Hamilton County, Tennessee.

A claim against Judge Sells in her official capacity is treated as being an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Judge Sells has been sued only in her official capacity as an employee of Hamilton County, the Court must proceed as if Plaintiff has in fact sued the County. Therefore, in order to prevail, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the County *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990). The doctrine of *respondeat superior* does not apply to impute liability to a county or local

8

government. *Monell*, 436 U.S. at 694 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477 (1986)).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Hamilton County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept*. 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege a policy or custom of either Hamilton County or the General Sessions court resulted in the alleged constitutional violation. Consequently, Judge Sells is entitled to judgment as a matter of law. Accordingly, Plaintiff's claims against Judge Sells will be **DISMISSED WITH PREJUDICE** *sua sponte* for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e).

    2.    *ADA Rodney Strong*

Plaintiff's suit against the assistant district attorney in his official capacity, is a suit against the State of Tennessee, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), because suing a state official in his official capacity for acts performed within the scope of his authority is equivalent to suing the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Pursuant to the Supreme Court's decision in *Hans v. Louisiana*, 134 U.S. 1 (1890) expanding the application of the Eleventh Amendment to also preclude suits against a state brought by in-state citizens, this suit against the assistant district attorney in his official capacity must be dismissed. The Eleventh

Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Under current law, the Amendment bars federal court jurisdiction whenever any private citizen attempts to sue a state unless Congress expressly abrogates immunity or the state waives immunity; neither of which, as explained below, have occurred in the instant case. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Lawson v. Shelby County, Tenn.*, 211 F.3d 331 (6th Cir. 2000).

District Courts do not have jurisdiction over suits brought directly against a state by its own citizens unless the state itself consents to be sued. *Welch v. Texas Dept. of Highways & Public Transportation*, 483 U.S. 468, 472 (1987); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984); *Thiokel Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). A state can waive its Eleventh Amendment sovereign immunity and consent to suit in federal court. *Will V. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 336-37 (6th Cir. 1990). However, the state's waiver and consent must be unequivocally expressed. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst,* 465 U.S. at 99; *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Abick v. State of Michigan*, 803 F.2d 874, 876-77 (6th Cir. 1986). The State of Tennessee has not waived its sovereign immunity under the Eleventh Amendment with respect to 42 U.S.C. § 1983. *Giorgio v. State of Tenn., Dept. of Human Services of Nashville and Jefferson County*, 92 F.3d 1185 (6th Cir. Aug. 7, 1996), *available at* 1996 WL 447656, *1; *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986).

A state may also be sued in federal court where Congress exercises its power under the

10

Fourteenth Amendment to override or abrogate Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1414 n.5 (6th Cir. 1996), *cert. denied*, 519 U.S. 1149 (1997). In *Quern v. Jordan*, 440 U.S. 332, 338 (1979), the Supreme Court held that in enacting 42 U.S.C. § 1983, Congress did not abrogate the right of the states to sovereign immunity under the Eleventh Amendment. *See also Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), *cert. denied*, 510 U.S. 1119 (1994); *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). Thus, the Eleventh Amendment prohibits federal courts from taking jurisdiction over actions filed by private citizens against a state pursuant to 42 U.S.C. § 1983. This jurisdictional bar applies regardless of the nature of the relief sought by the plaintiff. The Eleventh Amendment expressly applies to suits in equity as well as at law and necessarily encompasses all demands for relief against the states including declaratory judgments and injunctive relief, *Pennhurst*, 465 U.S. at 100; *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995), unless there is a request for "prospective relief to end a continuing violation of federal law." *Carten v. Kent State University*, 282 F.3d 391, 395 (6th Cir. 2002) (noting that the Supreme Court announced an exception to Eleventh Amendment immunity for claims requesting injunctive relief against individual state officials in their official capacities in *Ex parte Young*, 209 U.S. 123 (1908)).

Accordingly, since federal courts generally have no subject matter jurisdiction over § 1983 causes of actions against officials of a state sued in their official capacities, the claims against ADA Strong will be **DISMISSED WITH PREJUDICE** *sua sponte* for lack of jurisdiction.

## IV.     Conclusion

Accordingly, Plaintiff § 1983 complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A and

11

1915(e).

       An appropriate judgment order will enter.

                                          **/s/**
                                          **CURTIS L. COLLIER**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**